An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ABRAHAM J. CRUZADO,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 64772

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  First Judicial District Court, Carson City; James E. Wilson, Judge.

In his petition filed on October 10, 2013, appellant claimed that the Nevada Department of Corrections had failed to return 550 days that were allegedly forfeited in prison disciplinary proceedings.  Pursuant to a June 27, 2013, settlement agreement filed in a federal civil rights action, the Department was required to restore "any statutory good time credits" forfeited as a result of the 2010 disciplinary proceedings.[2]

Appellant's claim, which sought enforcement of a settlement agreement in a federal case, is not cognizable in a post-conviction petition

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Notably, the settlement agreement did not specify the number of credits to be restored.  The documentation submitted by appellant appears to indicate that only 350 credits may have been forfeited.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19160

for a writ of habeas corpus. Thus, we conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. James E. Wilson, District Judge
     Abraham J. Cruzado
     Attorney General/Carson City
     Carson City District Attorney
     Carson City Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.